**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ROBERT LEE TAYLOR,**

**Plaintiff,**

      **v.**                                              **CASE NO. 21-3276-SAC**

**ANDREW DEDEKE, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER
TO SHOW CAUSE**

    Plaintiff Robert Lee Taylor, an inmate at the Leavenworth County Jail ("LCJ") in Leavenworth, Kansas, at the time of filing, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed.

**I.  Nature of the Matter before the Court**

    The Complaint alleges that Plaintiff did not receive his ordered medical diet for 17 months while confined at the LCJ. Plaintiff states that head nurse Melissa Wardrop placed him on a low sodium diet and canteen restriction due to his high blood pressure. However, Mr. Taylor alleges that while his canteen purchases were restricted, Wardrop never followed up with kitchen staff and he was never served a low sodium diet. Moreover, Plaintiff states that he did not receive any medication to treat his high blood pressure. He alleges violation of his Eighth Amendment rights.

    Plaintiff names as defendants Andrew Dedeke, Leavenworth County Sheriff; Eric Thorne, Lieutenant/Jail Commander; and Melissa Wardrop, Nurse. He seeks damages of $2 million.

**II.  Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate.  28 U.S.C. § 1915A(a).  Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency.  *See* 28 U.S.C. § 1915(e)(2).  Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III.  Discussion

The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment under the Eighth Amendment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs."  *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind."  *Miller v. Glanz,* 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden,* 430 F.3d 1302, 1304 (10th Cir. 2005).

To satisfy the objective component, the inmate must show the presence of a "serious medical need," that is "a serious illness or injury."  *Estelle,* 429 U.S. at 104, 105; *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).  A medical need is sufficiently serious if "it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005).  "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety."  *Martinez,* 430 F.3d at 1304 (citing *Sealock v. Colorado,* 218 F.3d 1205, 1209 (10th Cir .2000) (quotation omitted)).  In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (citing *Riddle v. Mondragon,* 83 F.3d 1197, 1204 (10th Cir. 1996) (quotation omitted)).

Starting with the objective component, Plaintiff alleges that he has high blood pressure. He does not provide any additional details, such as blood pressure readings, whether he has been diagnosed by a doctor, whether a doctor has prescribed medication to treat the condition in the past, or whether he suffers any symptoms of the condition.  "Although high blood pressure may

mandate treatment by a physician in the form of medication, suffering high blood pressure alone has been found *not* to constitute a sufficiently serious medical condition for purposes of the Eighth Amendment." *Rainey v. Boyd*, 2012 WL 3778356, *10 (D. Colo. Aug. 15, 2012) (citing *see, e.g., Dickson v. Colman*, 569 F.2d 1310, 1311 (5th Cir. 1978) (finding that plaintiff's high blood pressure was not a "serious threat" to his health)).  The Court finds that Plaintiff's allegations do not demonstrate a serious medical need meeting the objective component of the deliberate indifference standard.  Therefore, he fails to state a claim for violation of the Eighth Amendment rights.

In addition, Plaintiff does not allege that Defendant Dedeke or Defendant Thorne personally participated in the acts or omission described in the Complaint.  An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997).  Conclusory allegations of involvement are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183

(1995).  To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). Sheriff Dedeke and Lieutenant Thorne are not properly named as defendants to this suit.

## IV.  Response Required

For the reasons stated herein, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his Complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the Complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **March 3, 2022,** in which to show good cause, in writing, why the Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

DATED:  This 31st day of January, 2022, at Topeka, Kansas.

**s/ Sam A. Crow**
**SAM A. CROW**
**U.S. Senior District Judge**